UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY CHURCH,<br><br>                              Plaintiff,<br><br>vs.<br><br>STACE NELSON, Senator of the 19th District of the South Dakota Senate, individual and official capacity,<br><br>                              Defendant. | Civ. 19 - 4193<br><br><br><br>**C O M P L A I N T** |

COMES NOW Plaintiff, Jeffrey Church, by and through his attorney, and hereby states and alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. This is a civil rights action seeking to vindicate important First Amendment values, to protect the free exchange of ideas about matters of public concern, and to prevent a public official from engaging in slander and unconstitutional viewpoint discrimination.

2. Defendant, Senator Stace Nelson ("Senator Nelson"), a publicly elected official, has wrongfully and willfully attempted to silence Plaintiff, Jeffrey Church ("Church") after Church was critical of Nelson's misinformed and inaccurate statements on matters of public concern that were made on a public forum.

3. Senator Nelson has also wrongfully and willfully slandered Church and made harmful statements that were knowingly false or made in reckless disregard of the truth.

4. Church seeks injunctive and declaratory relief, along with compensatory and punitive damages that resulted from the unconstitutional misconduct of Senator Nelson.

## PARTIES, JURISDICTION, AND VENUE

5. Church is a resident of Vermillion, Clay County, South Dakota, and a registered voter in South Dakota.

6. Senator Nelson is a resident of Fulton, Hanson County, South Dakota, and at all relevant times herein, has served as a Senator representing District 19 in the South Dakota Legislature.

7. This action arises under 42 U.S.C. §§ 1983 and 1988.

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9. Venue is proper in the District of South Dakota under 28 U.S.C. § 1391(b).

## FACTS

10. Facebook, a widely used social media platform, allows users to publish "posts" online, which can include messages, photographs, videos, hyperlinks to a website or news article, invitations to events, or polls, among various other features.

11. Individuals using the Facebook platform can interact with others by "liking" a post, sharing a post, commenting on a post, voting in a poll, or merely reading a post, among other methods of interaction.

12. Facebook also has a "blocking" feature, where an individual on the site can block another Facebook user from seeing that individual's posts, liking or commenting on that individual's posts, sharing that individual's posts, or voting in that individual's poll.

13. Facebook activity involving these posts, like activity on other social media platforms such as Twitter, has become a method of civic engagement that allows citizens to directly communicate with and listen to elected officials and to directly communicate and engage with other citizens in an interactive space.

14. Church, a retired Army officer and current second-year law student at the University of South Dakota School of Law, is an active Facebook user and often shares his political beliefs and opinions on the platform.

15. Church operates a Facebook account under the username "Jeff Church."

16. Senator Nelson operates a personal, private Facebook account under the username "Stacey Nelson."

17. Senator Nelson operates a public Facebook page under the username "Stace Nelson."

18. All communications and statements at issue in this lawsuit refer to the public-facing Facebook page (hereinafter "Facebook page").

19. Senator Nelson's Facebook page provides that it is a "political organization" immediately below Stace Nelson's name and photo.

20. Senator Nelson's Facebook page includes a Cover Photo in the background, which depicts (1) a photograph of Mount Rushmore with the phrase, "Conservative South Dakota Values" (2) a banner that states "Stace Nelson – Senate," and (3) a phrase in the corner that states "Learn More StaceNelson.com."

21. The website URL listed in Senator Nelson's Facebook page Cover Photo, StaceNelson.com, is, upon information and belief, Senator Nelson's official Senate website.

22. Much of the biographical and political information on Senator Nelson's Facebook page relates to his position in the South Dakota Legislature.

23. During the 2019 South Dakota legislative session, Senator Nelson published on his Facebook page information related to the SD Legislature and its members, legislative requests to the Governor, bills sponsored by Senator Nelson in his official capacity as State

Senator, updates on resolutions debated and voted on in the South Dakota Legislature, and the status of various bills that were signed into law.

24.     Senator Nelson's Facebook page is public, which means any person utilizing the Facebook platform may access, view, like, or comment on posts on Senator Nelson's Facebook page.

25.     Senator Nelson has and continues to use his Facebook page as a channel for communicating with the public about national and local political events, policy topics, actions that members of the South Dakota Legislature have taken, and other issues of public concern.

26.     Senator Nelson utilizes his Facebook page to further his duties as a legislative official in South Dakota, to provide information to the public about his official activities in the South Dakota Legislature, and to solicit input from the public on policy issues.

27.     Senator Nelson also utilizes his Facebook page to state his political positions, to incite commentary on political and policy issues, and to solicit feedback from citizens on such issues.

28.     Senator Nelson does not attempt to limit access to his Facebook page to only District 19 constituents by, for example, making the Facebook page private and only allowing District 19 constituents to access the page.

29.     Senator Nelson uses his publicly-facing Facebook page to communicate and interact with the public about public policy and political issues that are directly material to his position and responsibilities as a state senator.

30.     Senator Nelson frequently posts polls to his Facebook page that other Facebook users can vote in, often related to politics and public issues.

31. Senator Nelson posted polls during the 2019 legislative session that related to bills pending in the South Dakota Senate.

32. These polls and other political posts by Senator Nelson on his Facebook page often start a debate among Facebook users, who comment on Senator Nelson's posts and other individuals' comments.

33. Senator Nelson frequently engages in this dialogue by commenting on other individual's comments to his posts and polls.

34. On or about September 7, 2019, Senator Nelson posted the following poll to his Facebook page: "Do you support SD elected Legislators, abdicating their elected legislative responsibilities to unknown, unelected delegate(s) to go to an unknown location, and advocate for unknown changes to the US Constitution (one such proposed agenda change is REPEAL your 2nd Amendment) at a 'Constitutional Convention' (aka 'Con Con,' Article V, etc)?" (hereinafter the "Convention Poll").

35. This Convention Poll received 205 votes, 85 comments, and 9 shares by other Facebook users.

36. In response to the Convention Poll, Church engaged in dialogue with Senator Nelson and other Facebook users by commenting publicly on the Convention Poll itself and other users' comments.

37. On or about September 7, 2019, Church maintained that Senator Nelson's poll question was inaccurate.

38. Senator Nelson deleted Church's comment related to inaccuracy on the Convention Poll to suppress Church's critical viewpoint.

39. In the comment section of the Convention Poll, Church responded to other individuals' comments on the Convention Poll.

40. In a reply to Church, Senator Nelson, directing a response at Church by beginning his comment with "Jeff Church," asked Church to explain a position Church had taken in a previous comment.

41. Church replied to Nelson by asking "Is there a reason I can no longer comment on most of this page? You call me out by name on here, like you did at your Lincoln Day dinner speech, and then I can't respond." To which, Senator Nelson stated, "Jeff Church and yet, here you are… in all your Socialist supporting glory, responding away."

42. In an additional comment, Senator Nelson wrote: "Jeff Church slanderous comments and lies will be deleted. Either mind your manners or go someplace else to post your propaganda. This is my personal FB page maintained on my personal time. You are not entitled to post your lies and propaganda here. You support Socialists. There's nothing constitutional or conservative about you."

43. Church and Senator Nelson continued to post comments directed at one another within the Convention Poll post, including Senator Nelson stating, "Jeff Church I don't care for you. You have proven yourself a coward and liar. This will be the last I waste of my personal time responding to you. You are not welcome here and neither is your dishonesty. Take further comments to your own FB page."

44. Upon information and belief, Senator Nelson deleted other comments written by Church on Senator Nelson's Facebook page that were critical of Senator Nelson and that responded to questions by other constituents related to the Convention Poll.

45. Senator Nelson subsequently blocked Church from his Facebook page.

46. Upon information and belief, Senator Nelson has blocked and deleted comments written by other Facebook users who have made critical or disapproving comments.

## COUNT ONE:  VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS

### (Declaratory and Injunctive Relief)

47. Church restates, realleges, and incorporates by reference each and every preceding paragraph, as if fully set forth herein.

48. Senator Nelson's Facebook page is a public forum and a designated public forum that Senator Nelson controls.

49. Church's communication with other constituents and Senator Nelson through Facebook comments on Senator Nelson's Facebook page and Senator Nelson's Convention Poll relates to a matter of public concern.

50. Senator Nelson's blocking of Church and deletion of comments written by Church from Senator Nelson's Facebook page violate the First and Fourteenth Amendments because Senator Nelson's actions impose content and viewpoint-based restrictions on Church's participation in a public forum or a designated public forum.

51. Senator Nelson's blocking of Church and deletion of comments written by Church from Senator Nelson's Facebook page violate the First and Fourteenth Amendments because Senator Nelson's actions impose content and viewpoint-based restriction on Church's ability to petition the government for redress of grievances.

52. Senator Nelson's content and viewpoint-based restrictions are not supported by a compelling state interest and are not narrowly tailored to accomplish a compelling state interest.

53. At all times relative to this claim, Senator Nelson was acting under the color of state law.

54. A live justiciable controversy exists as to whether Senator Nelson's actions of blocking Church from accessing Senator Nelson's Facebook page and deleting Church's comments from posts on Senator Nelson's Facebook page deprived Church of his First Amendment rights to free speech, as protected by the United States Constitution.

55. Because of the ongoing risk that Senator Nelson will continue to engage in unconstitutional viewpoint and content-based discrimination in violation of the First and Fourteenth Amendments, Plaintiff respectfully requests that the Court exercise its discretion afforded it under the Declaratory Judgment Act and under Rule 57 of the Federal Rules of Civil Procedure and order that this matter be heard and determined on an expedited basis.

**COUNT TWO: VIOLATION OF 42 U.S.C. § 1983 (CIVIL RIGHTS VIOLATION)**

56. Church restates, realleges, and incorporates by reference each and every preceding paragraph, as if fully set forth herein.

57. Church enjoys a fundamental right to participate in free speech on matters related to public concern in a public forum and a designated public forum under the First and Fourteenth Amendments of the United States Constitution.

58. Senator Nelson, acting under the color of state law, has wrongfully deprived Church that right of participation in free speech by excluding Church from Senator Nelson's Facebook page, a public forum and designated public forum.

59. Church enjoys a fundamental right to petition the government for redress of grievances and to engage in dialogue with elected officials and fellow constituents under the First and Fourteenth Amendments of the United States Constitution.

60. Senator Nelson, acting under the color of state law, has wrongfully deprived Church that right to petition by excluding Church from Senator Nelson's Facebook page, a public forum and designated public forum.

61. Senator Nelson knew or should have known that denying Church access to a public forum and a designated public forum on matters of public concern violated clearly established law.

62. Senator Nelson's conduct violates Church's civil rights in violation of 42 U.S.C. § 1983.

63. Church is entitled to declaratory and prospective injunctive relief to enjoin Senator Nelson from continuing to deprive him of his First Amendment rights.

64. Church is further entitled to all such other just and equitable relief as the Court determines is necessary, including but not limited to payment of his attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting relief as follows:

1. A declaratory judgment holding that Defendant has violated Plaintiff's constitutional right of free speech and right to petition the Government for redress of grievances, and awarding such other relief as is necessary and appropriate;

2. A preliminary and permanent injunction against Defendant that (a) enjoins Senator Nelson from denying Plaintiff access to his Facebook page, a public forum or designated public forum, and (b) prohibits Senator Nelson from blocking or deleting comments written by Plaintiff or other similarly situated constituents;

3. An award of compensatory and nominal damages;

4. An award to Plaintiff of all costs, taxes, disbursements, and reasonable attorney's fees incurred in bringing this action; and

5. For such other and further relief as the Court deems just, equitable, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated at Sioux Falls, South Dakota, this 3rd day of December, 2019.

CADWELL SANFORD DEIBERT & GARRY LLP

By: _____
Alex Hagen
200 East 10th Street, Suite 200
Sioux Falls SD 57104
(605) 336-0828
E-mail: *ahagen@cadlaw.com*
Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeffrey Church
826 N. Crawford Road
Vermillion, SD 57069

### DEFENDANTS
Stace Nelson
Capitol Building, 3rd Floor, 500 East Capitol Building, Pierre, SD 57501

**(b)** County of Residence of First Listed Plaintiff: **Clay**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Hanson**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alex M. Hagen
Cadwell Sanford Deibert & Garry LLP
200 East 10th Street, Suite 200, Sioux Falls SD 57104

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sections 1983 and 1988
Brief description of cause:
First Amendment View Point Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/3/19
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____