UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY CHURCH,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STACE NELSON, Senator of the 19th District of the South Dakota Senate, individual and official capacity,<br><br>　　　　　　　　　　　　Defendant. | Civ. 19 - 4193<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE VIA PUBLICATION** |

　　　　The Federal Rules of Civil Procedure permit service of a Summons and Complaint to be accomplished in a manner consistent with state law where service is to be accomplished.  *See* F. Civ. P. R. 4(e)(1).  In this action, Plaintiff Jeffrey Church ("Church") states various civil rights and constitutional claims against Defendant Stace Nelson.  Suit commenced on December 3, 2019.  Since that time, Church has diligently pursued the service of Defendant Nelson, *see* Affidavit of Non-Service by Hanson County Sherriff, but has been unable to serve Nelson.

　　　　Plaintiff's counsel has been in contact with Attorney Shawn Tornow, who made a statement to the media on behalf of Nelson and who has previously represented Nelson over the course of several decades.  When asked whether Nelson would waive service, Tornow has indicated that he "lacks authority" to indicate whether service would be waived.

　　　　It is abundantly clear that Nelson is aware of the lawsuit.  He has offered sweeping comments to the media and appears to have taken measures to delete evidence that is central to the claims after it was filed.  Under the circumstances, Plaintiff respectfully submits that substitute service via publication, via certified mail to Nelson's home address, and via certified mail to Tornow's business address is more than sufficient to satisfy South Dakota law governing

1

substitute service. Plaintiff further submits that costs should be imposed on Nelson for declining to waive service and otherwise refusing to respond to the Sheriff's requests seeking to arrange for service.

## BACKGROUND FACTS

After the action was filed, Plaintiff provided Hanson County Sheriff Brandon Wingert with a copy of the Summons and Complaint. Plaintiff subsequently filed pleadings in pursuit of preliminary injunctive relief, which were also provided to Sheriff Wingert. Sheriff Wingert originally spoke with Defendant Nelson in December, and was told by Nelson that he was out of town and would return on January 3, 2020. Sheriff Wingert requested that Nelson contact him when he had returned and expected that Nelson would do so. Nelson did not do so. *See* Wingert Affidavit, at 4.

After the Complaint was filed, Nelson was quoted in an Argus Leader news story commenting on the suit and implying that he read it. *See* Lisa Kaczke, "*State Sen. Stace Nelson sued over Facebook spat with Vermillion Resident*," SIOUX FALLS ARGUS LEADER, Dec. 4, 2019.[1] A December 9, 2019 story in the Mitchell Daily Republic stated: "Nelson's attorney, R. Shawn Tornow, said he would not comment on the case until after the complaint was served." Ellen Bardash, *State Sen. Nelson sued for blocking Facebook user,* The Daily Republic, Dec. 9, 2019.[2]

Plaintiff's counsel contacted Tornow and inquired whether Nelson would waive service and avoid costs. On December 18, 2019, Tornow stated that he had represented Nelson for years

---

[1] The story is electronically available at:
https://www.argusleader.com/story/news/politics/2019/12/04/state-sen-stace-nelson-sued-over-facebook-blocked-page-vermillion-resident-jeff-church/2612120001/ (last visited Jan. 15, 2020).
[2] The story is electronically available at: https://www.mitchellrepublic.com/news/crime-and-courts/4813960-State-Sen.-Nelson-sued-for-blocking-Facebook-user (last visited Jan. 15, 2020).

and continues to do so, but had not had the opportunity to speak with Nelson about the complaint and had no authority to waive service. Nelson had indicated to Sheriff Winger that he would be back on January 3, 2020, and would contact him. That did not happen, and on January 6, 2020, Plaintiff's counsel again contacted Tornow to determine whether he had been in contact with Nelson and would agree to waiver service. Tornow again indicated that he lacked authority to take a position on that question.

After Nelson failed to reach out to Wingert in early January, Wingert traveled to his residence on January 11, 2020, and sought to find someone there to serve.  No one was home. Contact with Nelson revealed that he was out of state in Seattle.

## ARGUMENT AND AUTHORITIES

A. **Plaintiff has established good cause for substitute service under SDCL §15-9-7.**

Under Federal Rule of Civil Procedure 4(e)(1), service of an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As a general matter, this Court has considerable discretion in determining whether the circumstances justify alternate service. *See, e.g., Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1009 (emphasizing that the trial court has discretion "in determining whether the particularities and necessities of a given case require alternate service of process under" the rule governing service of a foreign party and affirming that service via e-mail was permissible). Personal service of the summons and complaint is valid under both state and federal law. But personal service is not always an option, particularly where would-be defendant dissembles as to his location or otherwise avoids a process server.

3

The rules governing substitute service in South Dakota are set out in SDCL Chapter 15-9 and, in pertinent part, provide as follows:

> Where the person on whom the service of the summons . . . is to be made cannot, after due diligence, be found within the state and that fact appears by affidavit to the satisfaction of the court or a judge thereof, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made . . . . . , such court or judge may grant an order that the service be made by publication of the summons in any of the cases described in §§ 15-9-8 to 15-9-15, inclusive.

*See* SDCL §15-9-7.

Plaintiff submits that under these facts, good cause exists to approve of service via publication under SDCL §15-9-13, which states:

> The court or a judge thereof may grant an order pursuant to § 15-9-7 where the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors or to avoid the service of a summons or keeps himself concealed therein with like intent.

*Id.*

There is no dispute that Nelson has notice of the lawsuit and even claims to be familiar enough with the allegations made against him to expound on their merit.[3] It is likewise undisputed that he is aware of the efforts made to accomplish service. The evidence suggests that Nelson would not take phone calls from Sheriff Wingert and, once he had been reached via Facebook, dissembled in responding as to when he would be back in town. Nelson also appears to have instructed his longtime attorney who continues to represent him not to respond to inquiries regarding service or waiver of service in this case. Finally, Nelson has arranged to remain outside of the State since the lawsuit started or, if he returned at some point in the interval, concealed his whereabouts and did not contact Wingert, as Wingert had expected.

---

[3] That Nelson commented on the Complaint implies that he read it. But based on what he actually said about the Complaint, it remains unclear whether Nelson whether understood what he read or understands the governing law.

4

There is good cause to determine that Nelson has departed from South Dakota "to avoid the service of a summons" or otherwise kept himself concealed, if at any time he has returned to South Dakota since December 2019, with the intent of avoiding service.

### B. Service via publication in the Sioux Falls Argus Leader once a week for four weeks satisfies the service by publication requirements set out under South Dakota law.

Once a party establishes that substitute service via publication is warranted, as is the case here, the question becomes how it ought to be accomplished. Under SDCL §15-9-17, an order granting a request to serve via publication "must direct the publication to be made in some newspaper in the county where the action is pending to be designated as most likely to give notice to the person to be served and for such length of time as may be deemed reasonable, not less than once a week for four successive weeks." The current action is pending in Minnehaha County, and the Sioux Falls Argus Leader – one of the best known media outlets in the state – is located here.

Publishing the summons in the Argus Leader on a weekly basis for four successive weeks satisfies the publication requirement. Plaintiff will send the Summons and Complaint to Nelson and to attorney Tornow via certified mail. As further assurance, Plaintiff will also e-mail the pleadings to the personal email address used by Nelson in communicating with Plaintiff and the email address used by attorney Tornow in prior correspondence relating to this case.

### CONCLUSION

Plaintiff's proposal regarding alternative service is justified, appropriate, and will be "reasonably effective" in giving Nelson proper notice of allegations about which he has already publicly commented. There is no risk that Nelson will be caught unawares that he is a named defendant in this suit. Plaintiff has satisfied the standard for substitute service on a resident

defendant, as set out SDCL §15-9-13, and has outlined an approach to publication that constitutes valid service under chapter SDCL Chapter §15-9.  For the foregoing reasons, the Court should enter an Order permitting service via publication in accordance with what Plaintiff has proposed.

Date:  January 15, 2020.

                             CADWELL SANFORD DEIBERT & GARRY LLP

                             By:   __/s/ Alex M. Hagen_____
                                    Alex Hagen
                                    200 East 10th Street, Suite 200
                                    Sioux Falls SD 57104
                                    (605) 336-0828
                                    E-mail:  ahagen@cadlaw.com
                                    Attorney for Plaintiff