UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY CHURCH,<br><br>Plaintiff,<br><br>vs.<br><br>STACE NELSON, Senator of the 19th District of the South Dakota Senate, individual and official capacity,<br><br>Defendant. | 4:19-CV-04193-KES<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

Plaintiff, Jeffrey Church, filed this action against defendant, Stace Nelson, alleging violations of Church's First and Fourteenth Amendment rights under 42 U.S.C. § 1983. Docket 1. Church seeks declaratory and injunctive relief along with compensatory and nominal damages. *Id.* Nelson moves to dismiss the complaint due to insufficient service of process under Fed. R. Civ. P. 12b(5)[1] and mootness under Fed. R. Civ. P. 12b(6)[2]. Docket 12. Church opposes the motion. Docket 15. For the reasons outlined below, the court denies Nelson's motion to dismiss.

---

[1] Nelson's motion to dismiss also cites Fed. R. Civ. Pro. 12(b)(1), (2), and (4). Because neither Nelson nor Church addresses the issue of personal jurisdiction beyond that acquired by the court through proper service, the court does not reach the issue. For the same reason, the court does not reach the issue of insufficient process under Rule 12(b)(4).

[2] Nelson briefly mentions the Hague Convention's guidelines for international service of process and notes that he is currently living abroad. Docket 14. Because this issue is not briefed by either party, the court does not address it.

**FACTS**

Church is a resident of Clay County, South Dakota and is currently enrolled as a student at the University of South Dakota School of Law. Docket 1 ¶ 5, 14. Nelson is a resident of Hanson County, South Dakota. *Id.* ¶ 6. At the time the lawsuit was filed, Nelson was a member of the South Dakota State Senate from the 19th District. *Id.* ¶ 6.

On December 3, 2019, Church commenced this action under 42 U.S.C. § 1983 claiming that Nelson has violated his First and Fourteenth Amendment rights. *Id.* ¶ 1. Church seeks declaratory and injunctive relief along with nominal and compensatory damages. *Id.* ¶ 1-5.

Hanson County Sheriff, Brandon Wingert, attempted to serve Nelson after this action commenced. Docket 7-1. Sheriff Wingert first contacted Nelson by Facebook message on December 4, 2019 and received a response from Nelson indicating that Nelson was outside of the United States. Docket 18-2. Nelson also noted that he would be in Utah for "a week +" following his return. *Id.* On December 18, Sheriff Wingert again contacted Nelson who responded that he was in Utah and would not return to South Dakota until January "at the earliest." Docket 18-3. On the same day, Nelson messaged Sheriff Wingert stating that he would be spending time in Tennessee and that he had been informed of this action by "a reporter." *Id.* During the same conversation, Sheriff Wingert requested that Nelson contact him upon his return to South Dakota. *Id.* Neither party has presented evidence indicating that Nelson contacted Sheriff Wingert as requested. *See id.* On January 11, 2020, Sheriff

Wingert attempted to serve Nelson at his home but found no trace of Nelson. Docket 7-1 at 4. Later that day, Sheriff Wingert again inquired via Facebook whether Nelson had returned to South Dakota and received a response indicating that Nelson was working in Seattle. Docket 18-4.

While Sheriff Wingert attempted to serve Nelson, Alex Hagen, counsel for Church, initiated contact with R. Shawn Tornow, counsel for Nelson. Docket 14-1. Hagen asked Tornow whether Nelson would waive service. Docket 14-2. On December 18, 2019, Tornow replied to Hagen's inquiry by email stating that he represented Nelson but was not aware of the details of this action. Docket 14-1. Tornow further noted that he had "no authority to take any other action." *Id*. Later the same day, Tornow replied to a similar inquiry from the court by email, stating "I have no authority from my client to waive or admit service in this matter." Docket 14-2.

On January 15, 2020, Church moved to serve Nelson by publication. Docket 7. No objections were filed to the motion. On January 22, the court granted Church's motion for substituted service by publication. Docket 9. Service by publication was conducted by a notice printed in the Sioux Falls Argus Leader beginning on Wednesday, January 29 and repeated on each of the following three Wednesdays. Docket 10.

## DISCUSSION

Nelson argues that this case should be dismissed due to improper service of process under Fed. R. Civ. Pro. 12(b)5 and mootness under Fed. R. Civ. Pro. 12(b)6. Docket 12. Nelson contends that the court's order granting

3

service by publication was erroneous due to Church's failure to meet the requirements for substituted service. Docket 14 at 2-3. Nelson also argues that the order is invalid due to Church's failure to notify Nelson or his counsel of the motion for service by publication. *Id* at 2. Thus, because he believes that he has not been "timely, lawfully or properly served," Nelson moves to dismiss the action with prejudice. Docket 13 ¶ 7. Church opposes the motion, asserting that service by publication was appropriate under the circumstances and consistent with South Dakota law. Docket 15 at 3-4. Nelson further contends that Church fails to state a claim upon which this court may grant relief because the issue is now moot following Nelson's resignation from the South Dakota State Senate. Docket 13 at 2. Church does not directly respond to this argument. *See* Docket 15.

I.  **Was service by publication improper?**

Under Federal Rule of Civil Procedure 4(e)(1), South Dakota law governs service of process in federal courts. The applicable South Dakota law states that "[a] summons . . . may be served by publication . . . [w]here the person on whom the service of the summons . . . cannot, after due diligence, be found within the state and that fact appears by affidavit to the satisfaction of the court." SDCL § 15-9-7. South Dakota law also authorizes service by publication when "the defendant, being a resident of this state, has departed therefrom with the intent to . . . avoid the service of a summons." SDCL § 15-9-13. Substituted service by publication is not valid without a court order approving such service. *Spade v. Branum*, 643 N.W.2d 765, 769-70 (S.D. 2002) (finding

4

that service by publication was invalid due to the plaintiff's failure to procure a court order approving substituted service).

The court authorized service by publication in line with the requirements of South Dakota law. Docket 9. The predicate required to procure substituted service by publication was established in this case. *Id.* Due to his near continuous absence from South Dakota between December 2019 and February 2020, Nelson could not be personally served with process by the Sheriff of Hanson County, Brandon Wingert. Docket 8 at 2-3. Sheriff Wingert contacted Nelson and attempted to personally serve him at his home. Docket 7-1. While Sheriff Wingert requested that Nelson contact him upon his return to South Dakota, Nelson never did so. Docket 8 at 2. Thus, the court found good cause to grant Church's motion for substituted service by publication. Docket 9.

Unlike the plaintiff in *Spade*, Church procured an order from the court permitting substituted service upon Nelson by publication under the requirements of South Dakota law. Docket 9. While Nelson protests that neither he nor his counsel received notice of the motion for substituted service, the state statute only requires that a court order be procured prior to service by publication. SDCL § 15-9-7. Service by publication is often conducted when the defendant's counsel is unknown to the plaintiff and the defendant is either unknown or cannot be located. *See Mullane v. Cent. Hanover Bank and Trust Co.*, 339 U.S. 306, 342 (1950) (finding that service by publication is permissible for missing or unknown parties). Service by publication on unknown parties is

5

also explicitly permitted by South Dakota law. SDCL § 15-9-15. Thus, a motion for alternative service does not require notice to be served on the defendant. Due to Nelson's absence from South Dakota and Tornow's indication that he was not authorized to waive or accept service on his client's behalf, this court found that service by publication was warranted. Docket 9. The court finds that Church complied with the procedural requirements of SDCL § 15-9-7.

Next, the court will consider whether the due process standards of *Mullane*, 339 U.S. at 314 were met. "An elementary and fundamental requirement of due process in any proceeding . . . is notice reasonably calculated . . . to appraise interested parties of the pendency of the action[.]" *Id.* Failure to meet the *Mullane* standard deprives a court of jurisdiction over the defendant. *Printed Media Serv., Inc. v. Solna Web, Inc.*, 11 F. 3d 838, 843 (8th Cir. 1993). Due process is violated when a court exercises jurisdiction over a defendant despite the defendant never receiving service of process. *See id*: (holding that a default judgement against a corporate defendant violated due process because the defendant had never received service of process and thus never appeared to defend itself).

Here, Nelson was informed of this action by a reporter and Sheriff Wingert soon after it was commenced. Docket 18-3. Nelson's attorney of record in the action was notified that a complaint had been filed against Nelson before service by publication was attempted. Docket 14-1. Nelson has now appeared through his counsel to challenge this action. Docket 12. Service in the Sioux Falls Argus Leader was reasonably calculated to appraise Nelson of the action

6

against him because it is a widely read publication throughout South Dakota. Also, because Nelson was aware of this action prior to service, there can be little argument that he has been denied due process due to insufficient notice. Docket 18-3. Thus, the court possesses personal jurisdiction over Nelson in this action because the service of process meets the due process standard. Unlike the defendant in *Printed Media Services*, who never received notice of the pending action and thus never appeared before the court, Nelson has been made aware of the pendency of this action and has appeared through his attorney to defend himself. This is not an instance where the defendant had a default judgement entered against him. Instead, Nelson will have an opportunity to defend himself against the claim.

## II.    Is Church's claim moot?

Nelson contends that Church has failed to state a claim upon which the court can grant relief under Fed. R. Civ. Pro. 12(b)(6). Docket 12. Nelson argues that due to his resignation from the South Dakota State Senate effective in December 2019, Church's claim against him is moot. Docket 13 ¶ 7.

"A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action." *Minnesota Humane Society v. Clark* 184 F. 3d 795, 797 (8th Cir. 1999). "[A]n actual controversy must exist not only at the time the complaint is filed but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (internal quotation marks omitted).

Because at a minimum, Church's request for compensatory and nominal damages continues to present an "actual controversy," the court denies Nelson's motion to dismiss on the grounds of mootness.

## CONCLUSION

Substituted service by publication upon Nelson satisfies the requirements of federal and South Dakota law. Thus, the court may exercise personal jurisdiction over Nelson. The court also finds that Church's claims are not moot. It is

ORDERED that Stace Nelson's motion to dismiss (Docket 12) is denied.

Dated July 15, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE